Filed 8/29/25  P. v. Thomas CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DENNIS WAYNE THOMAS, <br><br> Defendant and Appellant. | B335759 <br><br> Los Angeles County <br> Super. Ct. No. A979607 |

APPEAL from an order of the Superior Court of Los Angeles County, Gustavo N. Sztraicher.  Affirmed.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 1989, the Los Angeles County District Attorney filed an amended information charging defendant and appellant Dennis Wayne Thomas and co-defendant Anthony Lamont Taylor with murder (Pen. Code,[1] § 187, subd. (a)), rape (§ 261, subd. (a)(2)), and kidnapping (§ 207, subd. (a)).  The amended information further alleged as special circumstances that each defendant committed the murder while engaged in the crime of kidnapping (former § 190.2, subd. (a)(17)(ii)) and while engaged in the crime of rape (former § 190.2, subd. (a)(17)(iii)).

A mistrial was declared at Thomas's first trial because the jury could not reach a verdict.  At Thomas's second trial, the jury informed the court that it was deadlocked on the murder charge.  In an effort to resolve the impasse, the court granted the prosecution's motion to dismiss first-degree murder as a theory of liability in the interest of justice and reinstructed the jury on second-degree murder.  Specifically, the court instructed: "Murder in the first degree is no longer yours to consider.  It has been removed from this case.  [ ]  So all you've got left is murder in the second degree."  With respect to second-degree murder, the court instructed that a killing that occurs during the commission or attempted commission of a kidnapping is murder in the second degree.  The jury thereafter convicted Thomas and co-defendant Taylor of second-degree murder and kidnapping.  The jury did not return a verdict on the rape charge.  Nor did it make any determination on the special circumstance allegations, because

---

[1]     All undesignated statutory references are to the Penal Code.

the trial court's dismissal of first-degree murder had rendered the special circumstance allegations inapplicable.

In 2021, Thomas petitioned the trial court for relief under former section 1170.95 (now section 1172.6).  In 2023, after issuing an order to show cause and holding an evidentiary hearing,[2] the trial court denied Thomas relief under section 1172.6, subdivision (d), concluding beyond a reasonable doubt that he is guilty of murder under current law.  Specifically, the court found that Thomas is guilty under a still-valid theory of first-degree felony murder because he was a major participant in kidnapping the victim, and acted with reckless indifference to human life in the commission of the kidnapping.

On appeal, Thomas does not challenge the sufficiency of the evidence supporting the trial court's finding that he was a major participant in the kidnapping who acted with reckless indifference to human life.[3]  Instead, he contends the trial court committed three errors in denying him relief under section 1172.6.  First, he argues the trial court's dismissal of first-degree murder as a theory of homicide liability and the attached special circumstance allegations constituted "an implied acquittal."  As such, the trial court was precluded from finding him guilty of

---

[2]     Thomas's jury was instructed on the felony murder rule and natural and probable consequences doctrine, and the People conceded in the trial court that Thomas was prima facie eligible for section 1172.6 relief.  We grant the Attorney General's motion to augment the appellate record to include portions of the record from Thomas's direct appeal, including the jury instructions given at his trial.

[3]     Because Thomas does not challenge the sufficiency of the evidence, we omit recitation of the facts surrounding the kidnapping and murder.

first-degree felony murder under current law notwithstanding the fact that Thomas's kidnapping conviction supports first-degree felony murder under current law.  (§ 189, subds. (a) & (e)(3).)  Second, Thomas argues that, in light of the trial court's dismissal of first-degree murder as a theory of liability at trial, double jeopardy principles prohibited the trial court from finding him guilty of first-degree murder under current law.  Lastly, Thomas argues the trial court erred in denying him relief under section 1172.6 because second-degree felony murder is no longer a viable theory of homicide liability.  We address each contention in turn, and affirm.

In addition, we deny Thomas's request for relief under Senate Bill No. 136, as it is unclear on this record whether the trial court had, and declined to exercise, jurisdiction to strike his one-year prior prison term enhancement.  In the event Thomas's case is on the California Department of Corrections and Rehabilitation's (CDCR) list of cases giving the trial court jurisdiction to grant him relief under Senate Bill No. 483, Thomas may seek that relief as appropriate in a later proceeding.

## STATUTORY FRAMEWORK

In 2018, the Legislature, through Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder.  Under the amended law, subject to certain exceptions under the felony murder rule, a defendant must act with actual malice to be convicted of murder.  (§ 188, subd. (a)(3).)  One such exception applies where the defendant was a major participant in a felony listed in section 189,

4

subdivision (a) (which list includes kidnapping) and acted with reckless indifference to human life.  (§ 189, subd. (e)(3).)[4]

Senate Bill No. 1437 also added section 1172.6, "which provides a procedure for defendants convicted of murder to seek resentencing if they are able to establish they could not be convicted of murder under the amendments to sections 188 and 189 effective January 1, 2019." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1250 [citing Stats. 2018, ch. 1015, § 4].)  Under section 1172.6, a defendant convicted of felony murder may file a petition to vacate the conviction and be resentenced on any remaining counts.  To state a claim for relief under section 1172.6, a defendant convicted of imputed-malice murder first must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under [an imputed-malice theory of murder liability] . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . at which the petitioner could have been convicted of murder . . . . [¶] [and] (3) The petitioner could not presently be convicted of murder . . . [under current law]." (§ 1172.6, subd. (a)(1)–(3).)

Once a facially sufficient petition is filed, the trial court must determine whether the petitioner is prima facie eligible for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  If the trial court determines that the petitioner has made a prima facie showing of such eligibility, the court must issue an order to show

---

[4]     In 2021, through Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), the Legislature clarified that the amendments made by Senate Bill No. 1437 were also intended to apply to attempted murder and manslaughter.  (*People v. Hin* (2025) 17 Cal.5th 401, 441–442.)

cause and hold an evidentiary hearing (unless waived).  (§ 1172.6, subd. (c).)  At that hearing, the prosecution has the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under current law.  (§ 1172.6, subd. (d)(3).)

## DISCUSSION

### I.     The trial court did not err in denying Thomas section 1172.6 relief

Thomas argues three bases for finding the trial court erred in denying him section 1172.6 relief.  We address each in turn.

### A. Thomas's contention that the trial court erred under subdivision (d)(2)

Thomas argues the trial court erred in denying him relief under section 1172.6, subdivision (d)(2) based on its finding, beyond a reasonable doubt, that he was a major participant in a kidnapping who acted with reckless indifference to human life.  We disagree.

Under section 1172.6, subdivision (d)(2), Thomas is entitled to relief "[i]f there was a prior finding by a court or jury that [he] did not act with reckless indifference to human life or was not a major participant in the felony."  The record of Thomas's conviction contains no indication that the jury made any finding to support relief under this provision.  Rather, as discussed above, the trial court granted the prosecution's motion to dismiss first-degree murder as a theory of homicide liability to avoid a hung jury.  This dismissal did not involve a finding by the court or jury as to whether Thomas was a major participant in the kidnapping or acted with reckless indifference to human life.  Nor did the court base the dismissal on the insufficiency of the evidence as a matter of law.  Thus, we conclude that the

6

resentencing court did not err in denying relief under section 1172.6, subdivision (d)(2).  (*People v. Hatch* (2000) 22 Cal.4th 260, 273 ["Because section 1385 dismissals often are not based on the insufficiency of the evidence as a matter of law, we believe these dismissals should not be construed as an acquittal for legal insufficiency unless the record clearly indicates that the trial court . . . concluded that no reasonable trier of fact could find guilt beyond a reasonable doubt"].)

### B. Thomas's Double Jeopardy argument

Thomas contends that, because the trial court dismissed first-degree murder as a theory of liability at his trial, the resentencing court violated double jeopardy principles by denying him section 1172.6 relief based on a finding that he is guilty of first-degree murder under current law.  Again, we disagree.

Under the Double Jeopardy Clauses of the federal and California Constitutions, a person may not be twice placed in jeopardy for the same offense.  (*People v. Anderson* (2009) 47 Cal.4th 92, 103.)  But evidentiary hearings under section 1172.6 do not implicate double jeopardy because section 1172.6 " 'involves a resentencing procedure, not a new prosecution.' " (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 111; *ibid.* ["The retroactive relief provided by section [1172.6] is a legislative 'act of lenity' intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment that could implicate the double jeopardy clause"]; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588 [a section 1172.6 proceeding is "the *opposite* of a criminal prosecution" because it "can only help the defendant and can never hurt"

7

(original italics)].) Indeed, the trial court here made the correct inquiry under the plain language of the statute – whether Thomas is guilty beyond a reasonable doubt of murder under current law. (§ 1172.6, subd. (d)(3).) Thus, Thomas's argument has no merit.

### C. Thomas's contention regarding second-degree felony murder

Thomas argues the trial court erred in denying him relief because second-degree felony murder is no longer a viable theory of homicide liability. Once again, we disagree.

Thomas's statement of the law with respect to the invalidity of second-degree felony murder as a theory of homicide liability is correct. (See *In re White* (2019) 34 Cal.App.5th 933, 937, fn. 2.) The trial court was not precluded, however, from finding, as it did, that Thomas was guilty of first-degree murder under a still-valid theory of liability, i.e., as a major participant in a kidnapping who acted with reckless indifference to human life. (See §§ 188, subd. (a)(3); 189, subd. (e)(3).) As discussed above, the trial court made "no prior finding that [Thomas] did not act with reckless indifference to human life [in the commission of the kidnapping] or was not as major participant" in the kidnapping. (See Section I.A., *ante* [quoting section 1172.6 (d)(2)].) Nor, as analyzed in Section I.B., *ante*, does the trial court's finding under section 1172.6, subdivision (d)(2) that Thomas is liable under current law for first-degree murder violate the Double Jeopardy Clause.

Thus, the court did not err in denying Thomas relief based on its finding that, notwithstanding the invalidity of second-

degree felony murder under current law, he presently could be convicted of first-degree murder.[5]

## II. Thomas's one-year prior prison term enhancement

Lastly, Thomas asks this court, in the interest of justice and judicial economy, to strike his one-year prior prison term enhancement pursuant to Senate Bill No. 136 (Senate Bill 136). Senate Bill 136, which became effective January 1, 2020, eliminated one-year prior prison term enhancements unless the prior term was served for a sexually violent offense. (*People v. Choi* (2021) 59 Cal.App.5th 753, 769.) Senate Bill No. 483 (Senate Bill 483) added section 1171.1, later renumbered to section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Section 1172.75, subdivision (a), states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75 instructs the CDCR to identify those persons in its custody currently serving a term for a judgment that includes

---

[5] Thomas does not argue on appeal that the trial court erred in denying his section 1172.6 motion to vacate his second-degree murder conviction by finding beyond a reasonable doubt that, as a major participant in a kidnapping in which he acted with reckless indifference to human life, under current law he could be convicted of *first*-degree murder. Thus, we do not reach this issue. (See *People v. Didyavong* (2023) 90 Cal.App.5th 85, 96 & fn. 4 [finding section 1172.6 "treats all murder as a single, generic crime and requires resentencing when a defendant could not now be convicted of murder, generically" and "does not limit the prosecution to any particular theories of liability"].)

an enhancement under section 667.5, subdivision (b) (excluding sexually violent offenses). (§ 1172.75, subd. (b).) Once identified, the CDCR is to provide the case information to the sentencing court that imposed the enhancement. (*Ibid.*) Subsequently, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*)

Here, Thomas's sentence includes a one-year term imposed under section 667, subdivision (b). Under the plain language of section 1172.75, the trial court does not have jurisdiction to consider Thomas's Senate Bill 483 claim unless his case is on the CDCR's list. (§ 1172.75, subds. (b) & (c).) Thomas does not assert, and the record does not indicate, that Thomas was on the CDCR list. Likewise, this court lacks jurisdiction to resolve the claim at this juncture.

## DISPOSITION

We affirm the trial court's order denying Thomas section 1172.6 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GARCIA UHRIG, J.*

We concur:



COLLINS, Acting P.J.



MORI, J.

---

\*      Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.